```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA COBB,

                   Plaintiff,

-against-

UNITED STATES POSTAL SERVICE, et al.,

                   Defendants.

21-CV-6446 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff brings this *pro se* action under the Rehabilitation Act of 1973, 29 U.S.C. § 794,[1] and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654, alleging that her employer discriminated and retaliated against her. By order dated September 27, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

---

[1] While Plaintiff identifies the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112-17, as a basis of her suit, the United States is excluded from the definition of "employer" under that statute. 42 U.S.C. § 12111(5)(B)(i). Federal employees are therefore precluded from bringing an action for employment discrimination under the ADA. *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) (holding that federal employees have no remedy for employment discrimination under the ADA); *Kemer v. Johnson*, 900 F. Supp. 677, 681 (S.D.N.Y. 1995) (same). Instead, Plaintiff's disability-based discrimination claims against a federal employer are construed as arising under the Rehabilitation Act. *See id.* (construing ADA claim against federal agency as claim under the Rehabilitation Act).

Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants United States Postal Service; Nair Reghuvaran; D. Beete (Law Department); Rolando Pasaq (Nurse); Carol Cook (Acting Finance Supervisor); M. Felix (Station Manager); M. Burns (Parcel Supervisor); and APWU NY Metro Union through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (" USM-285 form" ) for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled " Check for service on U.S.A"; (2) issue summonses for Defendants; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses; complete the USM-285 forms with the addresses for United States Postal Service, Nair Reghuvaran, D. Beete, Rolando Pasaq, Carol Cook, M. Felix, M. Burns, and APWU NY Metro Union; mark the box on the USM-285 forms labeled " Check for service on U.S.A"; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   September 28, 2021
         New York, New York

                                            _____
                                                  GREGORY H. WOODS
                                               United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. United States Postal Service
   475 L'Enfant Plaza SW
   Washington, DC 20260

2. Nair Reghuvaran
   JAF Building
   380 33rd Street
   Suite 4073
   New York, NY 10199

3. D. Beete (Law Department)
   JAF Building
   380 33rd Street
   Suite 4073
   New York, NY 10199

4. Rolando Pasaq (Nurse)
   JAF Building
   380 33rd Street
   Suite 4073
   New York, NY 10199

5. Carol Cook (Acting Finance Supervisor)
   USPS FDR Station
   909 3rd Ave.
   New York, NY 10022

6. M. Felix (Station Manager)
   USPS FDR Station
   909 3rd Ave.
   New York, NY 10022

7. M. Burns (Parcel Supervisor)
   USPS FDR Station
   909 3rd Ave.
   New York, NY 10022

8. APWU NY Metro Union
   350 W. 31st. Street
   New York, NY 10001